IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FERNANDO ROSALES, et al., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | 09 C 1706 |
| | ) | |
| THE PLACERS, LTD., d/b/a RANDSTAD, | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

In their single-count amended complaint, which is styled as a class action filed under the Class Action Fairness Act, the plaintiffs contend that defendant The Placers violated the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1, *et seq.*, because it established a vacation policy that led to the forfeiture of earned vacation. The Placers's motion for judgment on the pleadings is before the court. For the following reasons, the motion is denied.

**I.**     **Background**

The essential facts are undisputed. The Placers provides temporary staffing services, and had a vacation policy through December 31, 2006, that is at issue in this case. Plaintiffs Fernando Rosales, Servando Ayvar, and Juan Herrera worked for The Placers during some of the time the challenged policy was in place. In relevant part, the vacation policy provides:

> You can earn forty (40) hours of vacation when you have met the eligibility requirements.
>
> Eligibility: You are eligible for vacation pay if you have completed 1,500 hours of service within a 52-week period. The 52 week period is defined as the 52 weeks beginning with your I-9 date and then runs anniversary to anniversary.
>
> Enrollment: Enrollment for the vacation benefit is automatic once you have met the eligibility requirements. Your vacation hours available will show on your check stub.

> Key points to remember: . . . . You will be paid for all accrued but unused vacation upon termination.

Harvill Dec., Ex. A.

The plaintiffs contend that The Placers' vacation policy violated the IWPCA "by causing a forfeiture of earned vacation for employees who did not accrue 1,500 service hours within an anniversary year of employment." Amended Complaint at ¶ 24.

## II. Standard for a Motion for Judgment on the Pleadings

Under Rule 12(c), "a party can move for judgment on the pleadings after the filing of the complaint and answer." *Supreme Laundry Serv., LLC v. Hartford Cas. Ins. Co.,* 521 F.3d 743, 746 (7th Cir. 2008). A motion for judgment on the pleadings should be granted "only when it appears beyond a doubt" that the non-moving party "cannot prove any set of facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Id.* In deciding the motion, the court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Pisciotta v. Old Nat'l Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007).

## III. Discussion

The Placers contends that it is entitled to judgment on the pleadings because the plaintiffs' complaint is conclusory and its vacation policy is proper under Illinois law. Alternatively, it asserts that in any event, some of the plaintiffs' claims are time-barred. The court will summarize the relevant statutory provisions and then turn to The Placers' arguments.

### A. The IWPCA

The IWPCA provides:

> Every employer shall pay the final compensation of separated employees in full, at the time of separation if possible, but in no case later than the next regularly scheduled payday for such employee . . . . Whenever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having taken all vacation time earned in accordance with such contract of employment or employment policy, the monetary equivalent of all earned vacation shall be paid to him or her as part of his or her final compensation at his or her final rate of pay and no employment contract or employment policy shall provide for forfeiture of earned vacation time upon separation.

820 ILCS § 115/5.

As noted by The Placers, § 300.520 of the Illinois Department of Labor ("IDOL") regulations is entitled "Earned Vacations," addresses vacation pay, and provides that "whenever an employment contract or employment policy provides for paid vacation earned by length of service, vacation time is earned pro rata as the employee renders service to the employer." 56 Ill. Adm. Code § 300.520(a).

The IDOL regulations also provide that

> An employment contract or an employer's policy may require an employee to take vacation by a certain date or lose the vacation, provided that the employee is given a reasonable opportunity to take the vacation. The employer must demonstrate that the employee had notice of the contract or policy provision.

*Id*. at § 300.520(e).

Finally, the IDOL regulations "recognize[] provisions" where "no vacation is earned during a limited period at the commencement of employment. The employer must demonstrate that the provision is not a subterfuge to avoid payment of vacation actually earned by length of service and, in fact, no vacation is implicitly earned or accrued during that period." *Id*. at § 300.520(f)(1). They also allow vacation policies where "vacation is earned and accrues at an

accelerating rate during the year. The provision is acceptable when the acceleration period and the changes in accrual rates are reasonable, and the policy is uniformly applied." *Id*. at § 300.520(f)(2).

### B. Sufficiency of the Plaintiffs' Allegations

First, The Placers contend that the amended complaint fails to contain sufficient facts to place it on notice of the nature of the plaintiffs' claims. Specifically, The Placers assert that the plaintiffs improperly failed to allege that the vacation policy is a length of service policy or that they worked less than 1,500 hours but were denied vacation, or identify the 52-week period(s) that allegedly entitle them to vacation pay. Setting aside that this argument appears to arise under Rule 12(b)(6) as opposed to Rule 12(c), the court need not parse through the plaintiffs' complaint in detail to reject it. While the allegations relating to the plaintiffs' IWPCA claim are succinct, they adequately set forth the plaintiffs' contention that The Placers' vacation policy caused employees who did not accrue 1,500 service hours within an anniversary year of their employment to forfeit earned vacation. *See* Amended Complaint (Dkt. 89) at ¶¶ 21-24.

It would be a waste of the parties' resources, and accomplish nothing, to require the plaintiffs to add additional details into their complaint. Moreover, The Placers' motion for judgment on the pleadings addresses the plaintiffs' forfeiture argument at length. This belies The Placers' argument that the amended complaint fails to include necessary information about the nature of the plaintiffs' claims. Accordingly, The Placers' motion for judgment on the pleadings based on the sufficiency of the amended complaint is denied.

C.      **The Placers' Vacation Policy**

In essence, The Placers asserts that employees do not earn any vacation pay until they have worked 1,500 hours over a 52-week period. Thus, according to The Placers, if employees do not reach this anniversary, they cannot forfeit vacation pay that they are not entitled to.

The parties agree that the IWPCA does not permit an "employment contract or employment policy" to "provide for forfeiture of earned vacation time upon separation." 820 ILCS § 115/5. According to The Placers, its vacation policy does not contain an express forfeiture provision (*i.e.*, a clause stating that employees lose vacation pay under certain circumstances) and thus cannot run afoul of the IWPCA. While it is true that The Placers' vacation policy does not contain an express forfeiture provision, this is not the end of the matter.

Instead, the plaintiffs note that under the IDOL regulations, "[w]henever an employment contract or an employment policy provides for paid vacations earned by length of service, vacation time is earned pro rata as the employee renders service to the employer." 56 Ill. Adm. Code § 300.520(a). They then conclude that The Placers' vacation policy is a length-of-service policy where employees earn vacation time as they work, so a rule that provides that an employee can only receive vacation pay after completing 1,500 hours of service within a 52-week period is improper.

In response, The Placers first assert that its vacation policy is not a length-of-service plan so its employees do not accrue vacation time from the start of their employment and, instead, only accrue after they have completed 1,500 hours of service over a 52-week period. Oddly, in support, it cites to *People ex rel. Illinois Dept. of Labor v. General Elec. Co.*, 347 Ill.App.3d 72, 806 N.E.2d 1143, 1152 (1st Dist. 2004), a case in which the Illinois Appellate Court held that a

vacation policy that allowed employees to take vacation *before* they rendered the labor that entitled them to vacation was not a length-of-service plan because it did not cause employees to earn pro rata vacation benefits (*i.e.*, the plan allowed employees to take vacation before it was earned). Nothing indicates that the plaintiffs here could take vacation days before they earned them. Indeed, the opposite is true as The Placers wants its employees to not earn or take any vacation whatsoever until they have worked more than 1,500 hours. Thus, the court finds that The Placers' plan awards benefits based on past service and thus is a length-of-service plan.

Approaching the vacation policy from another angle (and based on its assumption, which the court has already rejected, that its policy is not a length-of-service plan), The Placers concedes that under IDOL regulations, employees earn vacation pay as they work, so a provision that strips them of vacation pay if they do not work a certain number of hours is improper. Nevertheless, it urges the court to find that the IDOL regulations that make its vacation policy improper are not binding because they conflict with the IWPCA. In support, The Placers directs the court's attention to *Kiefer v. Paul Krone Diecasting Co.*, No. 86 C 6814, 1988 WL 116589 (N.D.Ill. Oct. 24, 1988). According to The Placers, the *Kiefer* case stands for the proposition that an employer can write its vacation any way it sees fit and thus can prevent employees from accumulating pro rata earned vacation.

Unfortunately for The Placers, however, the Illinois Appellate Court has relied on the IDOL regulations *and* the IWPCA in concluding that a vacation policy that awards employees vacation pay as compensation for past services (as opposed to awarding vacation pay to employees up front) causes "employees [to] earn their vacation benefits on a pro rata basis." *People ex rel. Illinois Dept. of Labor v. General Elec. Co.*, 806 N.E.2d 1143, 1151-52 (1st Dist.

2004). The policy here looks back as it allows employees to use their earned vacation days after they have worked 1,500 days, as opposed to allowing them to take vacation days and then completing the work necessary to earn those days. *See id.*

In addition, the court finds that the decision in *Kiefer* is not persuasive because "a vacation plan where the employee did not earn vacation benefits pro rata [is] contrary to the forfeiture clause of section 5 of the [IWPCA]." *Arrez v. Kelly Services, Inc.*, 522 F.Supp.2d 997, 1003-04 (N.D. Ill. 2007), *quoting Mueller Co. v. Department of Labor*, 543 N.E.2d 518 520-21 (4th Dist. 1989) (declining to follow the holding in *Kiefer*). Accordingly, the court rejects The Placers' invitation to strike down portions of the IDOL regulations.

Approaching the vacation policy issue from yet another angle, The Placers contends that its policy merely contains a waiting period, and that policies that require an employee to wait a certain amount of time before earning vacation pay are permissible.

Under IDOL regulations, a vacation policy may provide that "no vacation is earned during a limited period at the commencement of employment. The employer must demonstrate that the provision is not a subterfuge to avoid payment of vacation actually earned by length of service and, in fact, no vacation is implicitly earned or accrued during that period." 56 Ill. Adm. Code § 300.520(f)(1). According to The Placers, its policy contains a waiting period that is not a subterfuge to avoid paying employees for earned vacation. As discussed above, The Placers' employees earned vacation as they worked, so vacation *was* earned or accrued during the waiting period.

Moreover, the Illinois Appellate Court has held that:

The right to a paid vacation, when offered in an employer's policy or contract of employment, constitutes deferred wages for services rendered. Case law from

> this state and others, as well as principles of equity and justice, compel the conclusion that a proportionate right to a paid vacation "vests" as the labor is rendered . . . . [because] once it is acknowledged that vacation pay is not an inducement for future services, but is compensation for past services, the justification for demanding that employees remain for the entire year disappears. If some share of vacation pay is earned daily, it would be both inconsistent and inequitable to hold that employment on an arbitrary date is a condition precedent to the vesting of the right to such pay.

*Golden Bear Family Restaurants, Inc. v. Murray*, 494 N.E.2d 581, 588 (1st Dist. 1986) (internal citations and quotations omitted). Because The Placer's policy is a length-of-service plan where employees earn vacation as they work, the 1,500-hour requirement that only allows an employee to receive vacation pay if he is employed after working 1,500 hours in a 52-week period merely serves to strip them of earned vacation. As such, it is impermissible, because regardless of what The Placers choose to write in its vacation policy, it cannot contradict Illinois law. Thus, the plaintiffs earned pro rata vacation pay.

### D. Are Any of the Plaintiffs' Claims Time Barred?

The vacation policy at issue in this case was used until December 31, 2006. "Claims for vacation pay must be brought to the Department within three years from the date that the vacation is earned." 56 Ill. Adm. Code § 300.520(c). Based on this provision, The Placers contends that the plaintiffs can only seek compensation for vacation pay earned as of December 31, 2009.

As noted by the plaintiffs, this is a federal action, not an administrative proceeding before the Illinois Department of Labor. Thus, the plaintiffs are not attempting to bring a claim to the Department so the IDOL statute of limitations is inapplicable. Instead, as of 2007, a ten-year statute of limitations applies to IWPCA claims. 735 ILCS § 5/13-206 ("actions brought under the Illinois Wage Payment and Collection Act shall be commenced within 10 years next after the

cause of action accrued," as opposed to five years pursuant to the prior version of the statute). Under either the five or ten year version of § 13-206, the plaintiffs' claims are timely. Thus, the defendants' contention that some of the plaintiffs' claims are time-barred is incorrect.

## IV. Conclusion

For the reasons set forth above, The Placers' motion for judgment on the pleadings [#104] is denied.

DATE:  March 4, 2011

_____
Blanche M. Manning
United States District Judge